UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUNIOUS EDWARD MITCHELL,

    Plaintiff,

v.                                      Case No: 8:16-cv-3452-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Junious Edward Mitchell, seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for supplemental security income on June 21, 2012. (Tr. 255.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 130–36, 141–45.) Plaintiff then requested an administrative hearing. (Tr. 146.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 42–77.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 23–37.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1964, claimed disability beginning on June 4, 2012. (Tr. 255.) Plaintiff has a limited education. (Tr. 160.) Plaintiff has no past relevant work experience. (Tr. 35.) Plaintiff alleged disability due to spinal nerve problems, hip problems, and mental impairments, including depression and multiple personality disorder. (Tr. 259.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since June 21, 2012, the application date. (Tr. 28.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: left hip bursitis, degenerative disc disease of the cervical and lumbar spine, borderline intellectual functioning, adjustment disorder with depression and anxiety, and schizophrenic disorder. (*Id.*) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with additional restrictions. (Tr. 30.) Specifically, the ALJ stated:

> [T]he claimant can only perform in low stress environments, with low stress being defined as no high production demands, details only simple, routine, repetitive tasks with simple job instructions, simple defined in this hypothetical means only able to perform jobs with a specific vocational preparation (SVP) level of one. There would be no interaction with the public, only minimal contact with others at the worksite. The claimant can frequently balance, stoop, kneel, crouch, crawl at the worksite, and only perform occasional climbing.

(Tr. 30–31.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 32.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 35.) Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a silver wrapper and a sandwich-board carrier. (Tr. 36.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (*Id.*)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five

of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in assessing Plaintiff's RFC; (2) the ALJ failed to fully develop the record; (3) the ALJ erred in finding Plaintiff not entirely credible; and (4) the ALJ failed to properly evaluate the opinion evidence. For the reasons that follow, none of these contentions warrant reversal.

**A.     The ALJ's RFC Assessment**

Plaintiff's first contention is that the ALJ's RFC assessment is not supported by substantial evidence. (Dkt. 16 at 12.) Plaintiff argues that the ALJ erred in assessing Plaintiff's ability to stand and walk while performing light work. (*Id.*)

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). As discussed previously, the RFC is defined as the most a claimant "can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), (3), 416.945(a)(1), (3). Therefore, the ALJ's RFC assessment need not be identical to a particular assessment of record or incorporate precise limitations set forth by a physician. *See* 20 C.F.R. § 416.945(a)(3) (stating that all of the record evidence is considered in the RFC assessment). Further, while the ALJ should consider medical opinions regarding a claimant's ability to work in forming the RFC, the medical opinions are distinct from the RFC assessment. *Id.* §§ 404.1527, 404.1545, 416.913(a), 416.927, 416.945.[1] Specifically, a claimant's RFC is a matter reserved for the ALJ's

---

[1] For claims filed before March 27, 2017, including Plaintiff's claim, the rules in 20 C.F.R. §§ 404.1527, 416.927 apply.

determination, and while a physician's opinion on the matter will be considered, it is not dispositive. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

Here, the ALJ limited Plaintiff's RFC to performing light work and further limited Plaintiff to frequently balancing, stooping, kneeling, crouching, crawling, and occasional climbing. (Tr. 30–31.) Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

Plaintiff argues that the evidence does not support a finding that Plaintiff is able to walk and stand as required in performing light work. (Dkt. 16 at 12.) Plaintiff cites to a November 2012 record from consulting physician Dr. Charles Lebowitz wherein he noted Plaintiff's limp in his left lower extremity and diagnosed him with chronic lower back pain with left lower extremity sciatica. (Tr. 341.) Plaintiff further points to a diagnosis of a herniated lumbar disc and medical notations of back muscle spasms, tenderness, and reduced strength in the left extremity. (Tr. 349, 365, 473.) Plaintiff also relies on a May 5, 2014, record stating that he was using a walker and cane to stop from falling. (Tr. 458.)

In determining Plaintiff's RFC, the ALJ thoroughly reviewed and discussed Plaintiff's medical records. (Tr. 32–35.) With regard to Plaintiff's ability to walk and stand, the ALJ specifically noted Dr. Lebowitz's consultative examination of Plaintiff and his indication that Plaintiff was unable to walk without an assistive device and had a limp. (Tr. 33.) However, the ALJ also noted consultative physician Dr. Nydia Conrad's examination two weeks after Dr.

Lebowitz's examination. (Tr. 32.) Dr. Conrad noted Plaintiff did not require assistance with ambulation. (Tr. 356.) In June 2013, Plaintiff treated at Peace River Center for lower back pain and chronic left hip pain. (Tr. 349.) Plaintiff's physical examination was generally normal and he demonstrated a normal gait. (Tr. 349–50.) In May and June 2014, Plaintiff treated at Peace River Center and exhibited normal gait and his muscle strength, tone, and station were reported as one hundred percent. (Tr. 33, 443, 449, 459.) As noted by the ALJ, Plaintiff treated with Dr. Fernando Miranda in May 2014. (Tr. 33.) Dr. Miranda indicated Plaintiff's back and left hip pain failed to improve with long-term use of non-prescription medication. (Tr. 366.) He also noted Plaintiff's x-rays from January 2014 showing old compression fractures in the lower thoracic and upper lumbar spine as well as Grade One spondylolisthesis. (*Id.*) On May 9, 2014, an x-ray of Plaintiff's lumbar spine revealed diffuse spondylosis at the L4-5 level. (Tr. 34, 367.) Upon physical examination, Dr. Miranda noted Plaintiff's spine was positive for posterior tenderness, paravertebral muscle spasm, bilateral lumbosacral tenderness, and left side pain at sixty degrees during a sitting straight leg test. (Tr. 33, 365.) Dr. Miranda treated Plaintiff with an injection. (Tr. 34, 366.) However, Dr. Miranda also noted that Plaintiff's balance and gait were intact. (Tr. 33, 365.)

The ALJ further noted Plaintiff's physical therapy treatment from May 2014 through July 2014. (Tr. 34.) In May 2014, Plaintiff's physical therapist reported improvement in Plaintiff's range of motion in his lumbar spine and that Plaintiff was able to perform all exercises. (Tr. 34, 482.) After missing his scheduled appointments, Plaintiff was discharged from physical therapy in July 2014. (Tr. 34, 376, 479.) The ALJ also relied on Plaintiff's activities of daily living in determining Plaintiff's RFC. (Tr. 34.) For instance, Plaintiff indicated that he is able to dust, fold towels, take out the trash, shop twice a week, and attend church regularly. (*Id.*)

The Commissioner argues, and the Court agrees, that the ALJ's RFC assessment is supported by substantial evidence. (Dkt. 17 at 5.) Plaintiff cites to no medical records indicating that he is unable to perform light work. Further, to the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, his contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]…even if the evidence preponderates against" the decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth*, 703 F.2d at 1239). This court may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

B.  **Development of the Record**

Plaintiff next contends that the ALJ failed to fully develop the record. (Dkt. 16 at 14.) Plaintiff argues that there are "several important medical records that are missing in this case," including records from Peace River Center after September 3, 2014, wherein Plaintiff was allegedly prescribed a cane. (Dkt. 16 at 15.) Plaintiff argues the Peace River Center records support his claim for disability. (*Id.*) Plaintiff also contends that the ALJ failed to request records from when he was "Baker Acted," as well as records from Lakeland Regional Medical Center, Dr. Randall Morgan, and an MRI performed in 2015. (Dkt. 16 at 15–16.)

Plaintiff's contention that the ALJ failed to fully develop the record does not merit reversal because the transcript of the hearing shows that the ALJ did in fact fully develop the record. "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *see* 20

C.F.R. § 416.912(d) ("Before [the Commissioner] make[s] a determination that [claimant is] not disabled, [the Commissioner] will develop [claimant's] complete medical history for at least the 12 months preceding" claimant's application). However, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

When the claimant is not represented at the hearing before the ALJ, which is not the case here, the ALJ's "obligation to develop a full and fair record rises to a special duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Graham*, 129 F.3d at 1423 (internal citations omitted). In cases where the claimant was not represented at the hearing, "there must be a showing of prejudice" before remand is appropriate, which is found if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* (internal citations omitted). Examples of such prejudice are the ALJ's failure to obtain records, elicit testimony, or consider all record evidence. *Brown v. Shalala*, 44 F.3d 931, 936 (11th Cir. 1995); *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (finding that prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision.").

Here, Plaintiff was represented by counsel at the hearing before the ALJ. Thus, although the ALJ had a duty to develop the record, it was not the heighted duty required of an ALJ when the claimant is unrepresented. *Graham*, 129 F.3d at 1422. With regard to Plaintiff's argument that the ALJ erred in failing to obtain outstanding records from Peace River Center, Dr. Morgan, a 2015 MRI, and Plaintiff's alleged institutionalization through the Baker Act, Plaintiff fails to

make the required showing of prejudice.  Although Plaintiff testified that a physician at Peace River Center prescribed Plaintiff a cane, the ALJ's decision concerning Plaintiff's RFC is supported by substantial evidence.  *See supra* Section A.  Plaintiff makes no other argument concerning how the outstanding records would further inform the ALJ regarding Plaintiff's impairments, nor does Plaintiff state how the lack of these records resulted in unfairness. Moreover, Plaintiff cannot show prejudice requiring remand because the ALJ addressed Plaintiff's mental impairments and ability to stand and walk at length, including his treatment with the Peace River Center and treating physician Dr. Miranda, his physical therapy, and the reports from state agency physicians.  (Tr. 32–35.)  To the extent that Plaintiff contends that the ALJ should have obtained additional records, the burden is on Plaintiff to prove he is disabled.  *Ellison*, 355 F.3d at 1276.  Therefore, Plaintiff's argument does not warrant reversal.

### C. Plaintiff's Credibility

Plaintiff next contends that the ALJ's credibility finding was not proper.  (Dkt. 16 at 16.) Plaintiff argues that the objective evidence supports his allegations, including records from Dr. Lebowitz, Peace River Center, and Dr. Morgan.  (Dkt. 16 at 16–17.)  Plaintiff further argues that he did not attend physical therapy because he believed his doctor referred him for back surgery. (Dkt. 16 at 17.)  According to Plaintiff, the ALJ's finding that Plaintiff's treatment was conservative ignores the fact that Plaintiff did not have insurance for most of the time period at issue and the insurance that he was able to receive limited the type of treatment available to him. (Dkt. 16 at 17–18.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529(a).  A

three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer*, 395 F.3d at 1212 (finding the ALJ's articulation of reasons for discrediting a claimant's testimony supported by substantial evidence because the ALJ considered the claimant's daily activities, frequency of symptoms, and types and dosages of medication). If an ALJ fails to adequately explain the reasons for discrediting a claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

When evaluating a claimant's subjective symptoms, the ALJ must consider factors such as the following: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility determination does not need to use particular phrases or formulations. However, it

cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210.

As the reviewing Court, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

In his decision, the ALJ evaluated Plaintiff's subjective symptoms and gave specific reasons as to why he found them not fully credible. The ALJ reasoned that Plaintiff's treatment record is inconsistent with his allegations. (Tr. 34.) The ALJ specifically noted Plaintiff's conservative treatment, including his physical therapy. (*Id.*) The ALJ considered that Plaintiff's physicians did not recommend surgery for his back or hip pain and no other treatment, such as a brace, was offered. (*Id.*) The ALJ considered Plaintiff's prescription for two physical therapy sessions per week for four weeks and noted that Plaintiff was discharged for non-compliance. (*Id.*) With regard to Plaintiff's mental impairments, the ALJ found that Plaintiff had "very little psychiatric treatment" and has had no inpatient hospitalization or emergency room treatment. (*Id.*) The ALJ further noted that throughout his mental status examinations, Plaintiff was alert and oriented and exhibited appropriate speech, goal directed thoughts, intact concentration and memory, organized process thoughts, and denied suicidal and homicidal ideations. (Tr. 34, 353,

356, 397, 413.) Plaintiff's treatment and objective evidence are both appropriate considerations in evaluating Plaintiff's credibility. 20 C.F.R. § 404.1529(c)(2), (3).

Similarly, the ALJ discredited Plaintiff's subjective complaints to the extent that he retained the ability to perform daily tasks independently. (*Id.*) *See Wilson*, 284 F.3d at 1226 (holding that findings such as effectiveness of treatment, ability to perform daily activities, and limited use of pain medication can support an ALJ's decision to discredit subjective testimony); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (specifically listing the claimant's daily activities as one of the factors to consider in evaluating the claimant's symptoms). Indeed, the ALJ noted that Plaintiff was able to dust, fold towels, take out the trash, pay bills, shop twice a week, live with a friend, and attend church regularly. (Tr. 34, 274–75.) The ALJ also noted that Plaintiff denied any side effects of medications and was tolerating his medications well. (Tr. 34.)

Thus, the ALJ properly articulated his reasons for discrediting Plaintiff's subjective complaints of pain, devoting more than two pages of his decision to recount the medical evidence and specify how Plaintiff's subjective complaints were not fully supported by the evidence. (Tr. 21–23.) *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (finding that an ALJ's decision is not a broad rejection when it is sufficient to enable the court to conclude that the ALJ considered the claimant's medical condition as a whole); *Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints). Further, the ALJ took into account Plaintiff's physical and mental impairments by limiting him to light work and only frequent balancing, stooping, kneeling, crouching, and crawling and occasional climbing. (Tr. 31.) The ALJ further limited Plaintiff to low stress environments with only simple, routine, repetitive tasks

and simple instructions and "no interaction with the public, only minimal contact with others." (Tr. 30–31.) Therefore, the ALJ properly applied the pain standard and sufficiently articulated his reasons for discrediting Plaintiff's testimony. The ALJ's determination is supported by substantial evidence.

### D. Opinion Evidence

Last, Plaintiff contends that the ALJ failed to evaluate all of opinion evidence. (Dkt. 16 at 19.) Plaintiff specifically argues that the ALJ "never mentioned the opinions of consulting examiners, Dr. Charles Lebowtiz and Dr. Nydia Conrad, or stated what weight he was giving those opinions." (*Id.*) Plaintiff asserts had the ALJ credited Dr. Lebowitz's opinions regarding Plaintiff's inability to walk without an assistive device or Dr. Conrad's opinion that Plaintiff's psychological impairments moderately limit him, the ALJ would not have found that Plaintiff could perform light work. (Dkt. 16 at 20.)

Medical opinions, which include physician statements regarding the nature and severity of the claimant's impairments, may support the ALJ's determination of whether a claimant suffers from a severe impairment. 20 C.F.R. § 404.1527(a)(2). When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). In determining the weight to afford a medical opinion, the ALJ considers the following factors: the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015). Plaintiff bears the burden of showing that he has a severe impairment or

combination of impairments that may qualify as a disability. *Hutchinson v. Astrue*, 408 F. App'x. 324, 326 (11th Cir. 2011) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)).

Further, "[t]o the extent that the administrative law judge erred by failing to state with particularity the weight assigned to [treating physicians'] medical opinions, the error is harmless" if it does not "affect the administrative law judge's ultimate determination." *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (finding that the ALJ's decision was supported by substantial evidence and, therefore, the ALJ's failure to explicitly state the weight afforded to treating physicians' testimony was harmless error); *Tillman v. Comm'r, Soc. Sec. Admin.*, 559 F. App'x 975, 975–76 (11th Cir. 2014) (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion and concluding that "when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand"); *Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (finding that the ALJ's failure to state the weight given to a physician's opinions was harmless error because the opinions did not otherwise contradict the ALJ's findings); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (finding harmless error for the ALJ's failure to explicitly state what weight he afforded to a number of physicians' medical opinions when the opinions did not directly contradict the ALJ's findings).

Here, Dr. Lebowitz and Dr. Conrad are consultative examiners and, as such, their opinions are not entitled to the deference normally given treating sources. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (finding that opinions of consultative examining physicians "are not entitled to deference because as one-time examiners they were not treating physicians"); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160–161 (11th Cir. 2004) ("The ALJ correctly found that, because [a consultative examiner] examined [claimant] on only one occasion, her opinion was not entitled to great weight."); 20 C.F.R. § 404.1527(c)(2) (explaining that treating sources are given

greater weight because their opinions "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations"). Dr. Lebowitz and Dr. Conrad are not Plaintiff's treating physicians, rather they examined Plaintiff to provide opinions as to Plaintiff's social security applications. Thus, their opinions are not entitled to significant weight.

Contrary to Plaintiff's argument, the ALJ specifically addressed the opinions of Dr. Lebowitz and Dr. Conrad. (Tr. 32–33.) The ALJ, however, did not assign a particular weight to either physician's opinions. As discussed above, the ALJ noted Dr. Lebowitz's consultative examination and his opinion that Plaintiff was unable to walk without an assistive device and had a limp. (Tr. 33.) The ALJ also analyzed Plaintiff's medical records from Dr. Conrad, Peace River Center, Dr. Miranda, and Plaintiff's physical therapy and concluded that Plaintiff is able to perform light work without an assistive device. (Tr. 32–34.) The ALJ's decision is supported by substantial evidence. *See supra* Section A. Thus, "[t]o the extent that the administrative law judge erred by failing to state with particularity the weight assigned to [Dr. Lebowitz's] medical opinions, the error is harmless" because it does not "affect the administrative law judge's ultimate determination." *Hunter*, 609 F. App'x at 558 (finding that the ALJ's decision was supported by substantial evidence and, therefore, the ALJ's failure to explicitly state the weight afforded to treating physicians' testimony was harmless error); *Tillman*, 559 F. App'x at 975–76 (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion and concluding that "when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand"); *Caldwell*, 261 F. App'x at 191 (finding that the ALJ's failure to state the weight given to a physician's opinions was harmless error because the opinions did not

otherwise contradict the ALJ's findings); *Wright*, 153 F. App'x at 684 (finding harmless error for the ALJ's failure to explicitly state what weight he afforded to a number of physicians' medical opinions when the opinions did not directly contradict the ALJ's findings).

With regard to Dr. Conrad, Plaintiff points to Dr. Conrad's opinion that Plaintiff has moderate psychological limitations and impaired attention and concentration. (Dkt. 16 at 20.) The ALJ discussed Dr. Conrad's opinions and explicitly addressed Dr. Conrad's assessment that Plaintiff's attention and concentration were impaired, evidenced by his inability to stay on task. (Tr. 32.) The ALJ's RFC assessment accounts for Plaintiff's mental impairments, restricting Plaintiff to light work in low stress environments with only simple, routine, repetitive tasks and simple instructions, no interaction with the public, and only minimal contact with others. (Tr. 30–31.) In light of the ALJ's RFC assessment, it is unclear how assigning a particular weight to Dr. Conrad's opinions would have changed the ALJ's assessment or how Dr. Conrad's opinion conflicts with the ALJ's findings. Similar to Dr. Lebowitz, any error in the ALJ's failure to assign Dr. Conrad's opinions a particular weight is harmless. *Hunter*, 609 F. App'x at 558; *Tillman*, 559 F. App'x at 975–76; *Caldwell*, 261 F. App'x at 191; *Wright*, 153 F. App'x at 684. Therefore, Plaintiff's last contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 26, 2018.

*[signature]*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record